PRICE, Judge.
On this appeal the applicant for a retail beer permit seeks the reversal of the judgment of the district court upholding the action of the Department of Revenue in denying the application for the reason the sale of beverages with low alcoholic content is prohibited in the entire Parish where the applicant’s permit is requested.
Davonne Bush, a resident of West Carroll Parish, applied for a permit to sell beer in the municipality of Pioneer. His application was rejected by the Department of Revenue and pursuant to La.R.S. 26 :302, Bush appealed to the district court having jurisdiction over West Carroll Parish. After a hearing the district judge denied the relief sought by Bush and affirmed the action of the Department of Revenue.
On Bush’s appeal to this court the sole issue presented is whether the local option election held in West Carroll Parish in December of 1936, under the provisions of Act 17 of 1935 (1st Extraordinary Session), at which election the parish-wide vote was “dry”, affects the incorporated municipality of Pioneer. Under the terms of Act 17, Sec. 4:
. . .in any parish-wide election or any election in a ward containing a municipality, where the proposition is the question of whether or not such liquors of an alcoholic content of more than one and one-half per centum and not exceeding six per centum by volume shall be sold, either separate boxes shall be provided for deposit of the ballots of electors residing in the municipality or separate precincts shall be established in the municipality, and in either case separate polls and tallies shall be kept of the vote in such municipality, and the promulgation of the returns shall show the result of the vote in such municipality.”
Pioneer became an incorporated municipality on May 12, 1911, under the provisions of the Lawrason Act. It is acknowledged, however, that for a period of time after incorporation and until the early 1940’s, there was no mayor or council members elected or functioning.
In calling the local option election in 1936 for West Carroll Parish, the police jury made provision for a separate determination for the other incorporated municipalities within the Parish (Oak Grove and Epps) but made no such provision for Pioneer.
Appellant contends the 1936 election did not change the status of the municipality of Pioneer as the provisions of Act 17 requiring a separate determination within the municipality were not followed.
Appellee concedes this to be a correct expression of the law in accordance with the jurisprudence if Pioneer should be accorded the status of a “municipality” at the time of the 1936 local option election.
Appellee admits it can cite no authority for its position that for an area to be a “municipality” as intended by the statute in question it must have a duly elected and functioning town government.
We do not agree with this position. The law of this state provides only three ways in which a municipality ceases to exist:
1. By the provisions of R.S. 33:231, where the population drops below 100 and the governor proclaims the dissolution.
2. By an act of the legislature.
3. By petition and election under the provisions of R.S. 33:251, in municipalities of less than 2,500 inhabitants.
*845 The record does not show any of these actions took place, and, to the contrary, the municipality began to function again with elected officials after 1940 under its prior incorporated status. A municipality incorporated under the Lawrason Act does not cease to be a municipality by non-usage of powers.
We therefore conclude that Pioneer was a municipality, and should have been provided separate ballot boxes to determine whether the sale of liquors of low alcoholic content would be permitted or prohibited within its corporate limits. Since this was not done in the local option election held in 1936, the question was not determined and the sale of such beverages in Pioneer was never prohibited. (The sale of alcoholic beverages was lawful in all of West Carroll Parish prior to the 1936 election).
For the foregoing reasons, the judgment •appealed from is reversed and it is ordered that the Collector of Revenue for the State of Louisiana issue Davonne Bush a retail permit to sell beer in the municipality of Pioneer in accordance with his application of May 1, 1973, upon his having complied with all other requirements provided by law.